DICKINSON, Justice,
Dissenting:
¶ 22. The issue before the Court is fairly uncomplicated. The Buffingtons— who settled a tax dispute with the Internal Revenue Service — had their federal taxes increased. When that happens, Mississippi law allows the Mississippi State Tax Commission (“Commission”) to issue an assessment for additional state taxes, provided it does so within “three (3) years from the date the Internal Revenue Service disposes of the tax liability in question.” [6] So the key question in today’s case is when the IRS disposed of the Buffing-ton’s federal tax liability.
¶ 23. After settling with the IRS, the Buffingtons tendered a check to pay the settlement on April 2, 2004. One would think — even under the interpretation most generous to the Commission — that the Buffingtons’ IRS tax liability was disposed of when it was paid (I think most folks understand that a debt is disposed of when it is paid). And after all, once the tax is paid, there remains no tax liability to be disposed of.
¶ 24. The Commission did not issue an assessment until June 22, 2007 — more than three years after the federal tax was paid. So one would think it is statutorily time-barred from doing so. Not so, says the majority.
¶ 25. The Commission has persuaded the majority that the Buffingtons’ tax liability was not actually “disposed of’ when it was paid. Rather it takes the interesting position that, even though the liability no longer exists, it nevertheless has not been disposed of. Instead (according to the majority) the tax liability (which no longer exists) is disposed of only after the IRS decides (if it does) to notify the MSTC that the tax liability has been disposed of. Only then is the already disposed-of tax liability really disposed of.
¶26. The notice at issue is curiously absent from the record. So we don’t even *457 know what it says. The Commission provides us with no evidence to inform us of when, and under what circumstances, such notices are provided by the IRS. One would think if the notice really does trigger the beginning of the running of the statute of limitations, the record would include a copy of it.
¶ 27. Section 27-7-49 unquestionably imposes a difficulty on the Commission. But the statute says what it says. This Court didn’t draft it and we are not responsible for its language. The Commission’s remedy should lie with the Legislature, not here.
¶ 28. Interestingly, the Commission does not even argue that the language of the statute supports its position. Instead, it argues that strict application of the statute’s language is “unworkable.”
¶ 29. Since joining this Court in 2004, I perceive that we are slowly moving toward strict application of statutory language— two steps forward and one step back. Today, we take a step back. I respectfully dissent.
LAMAR AND KITCHENS, JJ., JOIN THIS OPINION.

. Miss.Code. Ann. § 27-7-49 (Rev.2006) (emphasis added).